# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: December 19, 2018

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| STEPHEN SCHMIDT, | *        UNPUBLISHED |
|            Petitioner, | * |
|    v. | *        No. 16-342V |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | *        Special Master Gowen |
|            Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

## DECISION DISMISSING PETITION[1]

On March 16, 2016, Stephen Schmidt ("petitioner") filed a petition in the National Vaccine Injury Compensation Program ("Vaccine Program"). Petitioner alleged that he developed "shoulder injuries" as a result of receiving an influenza vaccine administered on October 6, 2014. Petition (ECF No. 1) at Preamble. Respondent filed a report in accordance with Vaccine Rule 4(c) recommending against compensation on March 27, 2017. Respondent's Report (ECF No. 24).

During a status conference held on August 14, 2018, respondent's counsel indicated that she will defend this claim because petitioner's medical records do not show a change in his shoulder condition post-vaccination. *See* Scheduling Order issued August 14, 2018 (ECF No. 48). Petitioner had a history of joint pain and gout prior to vaccination, and during a visit to his primary care physician on September 24, 2014, approximately two weeks prior to vaccination, the doctor noted that petitioner had pain in his left shoulder with abduction above 90 degrees. Petitioner's Exhibit ("Pet. Ex.") 4 at 43. During the status conference, petitioner's counsel acknowledged the difficulty of identifying whether petitioner's left shoulder pain is attributable to his other medical issues versus a condition secondary to vaccination, especially in light of a note from petitioner's treating orthopedist attributing petitioner's frozen shoulder as secondary to his diabetes. *See* Pet. Ex. 11 at 4. I ordered petitioner's counsel to file either a status report indicating a reason to justify

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

continuing with petitioner's claim or a motion to dismiss the claim within 30 days after the status conference. *See* Scheduling Order issued August 14, 2018.

At the conclusion of that 30 days, petitioner's counsel filed a status report indicating that he had not been able to contact petitioner despite several telephone calls, emails, and letters. *See* Petitioner's Status Report filed September 13, 2018 (ECF No. 49). I therefore granted petitioner's counsel an additional 30 days to contact petitioner to discuss the case and file the previously ordered status report or motion. *See* Scheduling Order issued September 17, 2018 (ECF No. 50).

At the conclusion of the 30-day extension, on October 18, 2018, petitioner's counsel filed a status report indicating that he was still unable to contact petitioner and requesting a status conference to discuss the next steps of the case. *See* Petitioner's Status Report filed October 18, 2018 (ECF No. 51).

I held a status conference on November 20, 2018; Mr. Maximillian Muller appeared on behalf of petitioner, and Ms. Debra Begley appeared on behalf of respondent. During the status conference, petitioner's counsel indicated that his office has sent multiple certified letters to petitioner, but petitioner has not responded or otherwise contacted his office. One certified letter was signed by petitioner's wife, and another was returned as not signed.

On November 27, 2018, I issued an Order to Show Cause (ECF No. 52.) I ordered petitioner to show cause why this case should not be dismissed for failure to prosecute by no later than **<u>December 17, 2018</u>**. *Id.* at 2. I warned petitioner that failure to respond to the Order to Show Cause would result in dismissal of his claim. *Id.* To date, petitioner has not filed additional evidence or responded to the Order to Show Cause.

A petitioner must establish entitlement to compensation in the Vaccine Program through one of two ways. The first way is to establish that he or she suffered a "Table injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). The second way is to establish that the vaccine actually caused the onset or significant aggravation of a condition in the vaccinee. § 300aa-13(a)(1)(A). To prove actual causation, petitioner must present: (1) a medical theory; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

In the present cast, petitioner does not allege a Table injury. Thus, to prevail on entitlement, petitioner must establish that the flu vaccine he received is the actual cause of his injuries. Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In the present case, petitioner has not submitted medical records or other evidence sufficient to establish entitlement to compensation. Petitioner has not fulfilled his burden under the Vaccine Act and *Althen*, and it is therefore appropriate to dismiss his claim for insufficient proof.

Further, when a petitioner fails to follow court orders, the special master may dismiss the

petitioner's claim.  *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *Saphasas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); Vaccine Rule 21(b).  The repeated failure to meet deadlines or otherwise inform the court constitutes a failure to prosecute, which is separate grounds for dismissal of petitioner's claim.

**Pursuant to Rule 21(b) of the Rules of the United States Court of Federal Claims, this claim is DISMISSED for petitioner's failure to prosecute and failure to respond to court orders.  The Clerk of the Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>**s/ Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master